UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

JOSE FARQUAHARSON,

    Plaintiff,

-v-

CITY OF MIAMI, a political subdivision of the State of Florida
and LUIS ARCIA, individually, and in his capacity as a City of Miami
Police Officer,

    Defendants.
_____/

COMPLAINT

COMES NOW the Plaintiff, JOSE FARQUAHARSON, by and through undersigned counsel and hereby sues the Defendants, CITY OF MIAMI, a political subdivision of the State of Florida, LUIS ARCIA, individually and as a City of Miami police officer and in support thereof allege as follows:

PREMILINARY STATEMENT

1. This is a civil rights action in which the Plaintiff seeks relief from this Court for injuries sustained by Plaintiff after having been assaulted, battered and falsely arrested by defendant LUIS ARCIA in violation of his civil rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Constitution of the United States, including its Fourth and Fourteenth Amendments, and by the laws of the State of Florida.

2. This is further an action against CITY OF MIAMI, as its Mayor and City Commissioners were official and final policymakers for the CITY OF MIAMI and the City of Miami Police Department. At all times material hereto, the Mayor and city Commissioners spoke with final policy-making authority for CITY OF MIAMI, and CITY OF MIAMI was

1

responsible for the conduct, training, and supervision of the police officers of City of Miami's Police Department, including without limitation, conduct, training and supervision related to the following: effective communication with law abiding citizens; shooting citizens in the back; appropriate methods for use of force; appropriate methods for conducting surveillance; appropriate methods for tracking; appropriate uniforms for on duty assignments and appropriate methods for identifying oneself as a City of Miami Police Officer; appropriate methods for conducting a stop of a citizen; appropriate methods for detaining suspects; appropriate methods for conducting undercover investigations; appropriate use of firearms; appropriate methods for taking individuals into custody; and appropriate methods of effectively implementing a system to monitor acts of excessive force conduct by police officers and acts of fatal excessive force conduct by police officers in order to identify police officers who were unfit or required additional training to remain on active duty and/or to use firearms.

## JURISDICTION AND VENUE

3. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) arising from false arrest and excessive force, a violation of the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, and a claim for attorney's fees pursuant to 42 U.S.C. § 1988.

4. This Court has jurisdiction pursuant to Florida Statutes, 26.012, 34.01(c); and 28 U.S.C. §§ 1331 and 1343.

5. Venue is appropriate in this Court because the conduct that gives rise to this action took place in the City of Miami and within the Southern District of Florida. This action is brought pursuant to Title 42 U.S.C. §§1983, 1988, the Fourth and Fourteenth Amendments to the United

States Constitution. Jurisdiction is founded on Title 28 U.S.C. §§1331, 1343, 42 U.S.C. §1988, the constitutional provisions mentioned above.

6. In connection with the acts, practices and violations alleged below, the defendants have each, either directly or indirectly, violated Plaintiff's constitutional rights.

7. All conditions precedent under Florida law to the filing of this lawsuit have been satisfied or waived.

8. Plaintiff seeks an award of general and special damages for permanent physical and emotional injuries, pain and suffering, loss of earning capacity, loss of enjoyment of life, punitive damages, court costs and attorney's fees.

## PARTIES

9. At all times material hereto, Plaintiff, JOSE FARQUAHARSON, was a resident of Miami-Dade County, Florida, over the age of 18 years and is otherwise sui juris.

10. At all times material hereto, Defendant, CITY OF MIAMI was a political subdivision of the State of Florida, organized and existing under the laws of the State of Florida. CITY OF MIAMI, acting through its Governmental Agency, City of Miami Police Department, was responsible for, among other things, "promot[ing] a safe and secure environment; free from crime and fear of crime" in the City of Miami. The defendant, CITY OF MIAMI, assumes the risk incidental to the maintenance of a police force and the employment of law enforcement and police officers.

11. At all times material hereto, the official and final policy makers of CITY OF MIAMI were the City of Miami Mayor and the City of Miami Commissioners ("official and final policy makers").

12. At all times material hereto, City of Miami Police Department was a Governmental

Agency of the CITY OF MIAMI with its headquarters at 400 Northwest 2nd Avenue, Miami, Florida and was duly organized and existing under the laws of the State of Florida. CITY OF MIAMI is charged with and responsible for the operation of the City of Miami Police Department, including without limitation, appointment, training, promotion, and supervision of members of the City of Miami Police Department, which includes providing training, instruction, discipline, control, and evaluating conduct of the City of Miami Police Department and its personnel.

13. At all times material hereto, CITY OF MIAMI had the power, right, and duty to control the manner in which its officers carried out the objectives of their employment and to ascertain that all orders, rules, instructions, and protocols of the City of Miami Police Department were consistent with the Constitutions, statutes, ordinances, regulations, customs, policies, usage, and laws governing the State of Florida and the United States.

14. Pursuant to § 768.28, Florida Statutes, the State of Florida, for itself and for its agencies and subdivisions, has waived its sovereign immunity in tort actions such as this, in which personal injury and related damages resulted from the negligence or a wrongful act or omission of employees of the agency or subdivision while acting within the scope of their office or employment under circumstances in which the State of Florida or such agency or subdivision, if a private person, would be liable to the claimant under the general laws of the State of Florida.

15. All notice requirements and conditions precedent to the bringing and maintenance of this action have been performed, occurred, or have been waived, including the notice requirements set forth in § 768.28, Florida Statutes.

16. At all times material hereto, defendant LUIS ARCIA, was a City of Miami Police Department employee in the capacity of police officer, over the age of 18 and is otherwise sui juris. LUIS ARCIA is being sued in his official and individual capacities.

17. Defendant, LUIS ARCIA was at all times relevant herein duly appointed and acting officer, servant, employee and agent of the City of Miami Police Department, an agency of Defendant, CITY OF MIAMI.

18. At all times relevant herein, LUIS ARCIA was acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of Florida and the City of Miami Police Department, in the course and scope of his duties and functions as officer, agent, servant, and employee of Defendant CITY OF MIAMI, was acting for, and on behalf of, and with the power and authority vested in him by CITY OF MIAMI and the City of Miami Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

19. By the conduct, acts, and omissions complained of herein, Defendant LUIS ARCIA violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

20. Plaintiff has retained the services of the undersigned attorney and is obligated to pay reasonable attorney's fees and costs for such services in prosecuting the claims herein.

## FACTS

21. On July 7, 2015, Plaintiff was standing on the corner of Northwest 8th Street and 5th

Avenue, Miami, Florida and observed a car speeding down the street. Plaintiff yelled to two police officers who were standing across the street to "do your f—king" (expletive modified) job and stop the cars from speeding."

22. Defendant LUIS ARCIA, one of the two City of Miami police officers Plaintiff was yelling towards came across the street, approached Plaintiff and yelled at Plaintiff "kiss my ass."

23. LUIS ARCIA then grabbed Plaintiff by his hand, threw him to the ground and cuffed one of his hands.

24. LUIS ARCIA then placed his knee in the small of Plaintiff's back and began punching Plaintiff in his face repeatedly.

25. The other officer, a female, approached LUIS ARCIA and inquired what he was doing.

26. LUIS ARCIA got up off Plaintiff's back and drug Plaintiff to his police car and falsely charged Plaintiff with disorderly conduct and resisting an officer without violence.

27. Plaintiff suffered an injury to his arm, facial injuries and injuries to his teeth and mouth.

28. Plaintiff was subsequently transported and treated at Jackson Memorial Hospital.

29. On July 8, 2015 the State Attorney's Office nolle prossed Plaintiff charges.

30. At no time during the incident did Plaintiff threaten LUIS ARCIA.

31. At no time during the incident did Plaintiff resist LUIS ARCIA.

32. As a direct and proximate result of the aforesaid conduct by the Defendant, LUIS ARCIA, as described herein, Plaintiff was falsely arrested, assaulted and battered on July 7, 2015.

33. City of Miami Police Department officers have engaged in a custom, policy, and practice of using excessive force against persons in situations in which the use of such force is unnecessary and excessive, thereby subjecting the public, including

Plaintiff, to violations of clearly established constitutional rights protected by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the comparable provisions of the Florida Constitution.

34. The use of unlawful excessive force such as was used against Plaintiff was not an isolated incident and was consistent with the institutionalized custom, policy, and practice as described herein of City of Miami's Police Department. City of Miami's official and final policy makers, as described herein, and City of Miami's Police Department, were on subjective and actual notice of such practices, and condoned such violations by not disciplining officers who engaged in such, use of excessive and deadly force, and at times rewarded and promoted them. This created a culture where there was no oversight with accountability implemented and sent the message to the police that they need not worry about the improper or unlawful use of excessive force because they would not be held accountable. CITY OF MIAMI's official and final policy makers, as described herein, and City of Miami's Police Department, failed to take corrective action to create a bona fide and meaningful system of addressing the unlawful use of excessive and deadly force by City of Miami Police Officers, including without limitation, the false arrest and unlawful use of excessive force by LUIS ARCIA. CITY OF MIAMI's official and final policy makers had, prior to the false arrest, assault and battery of Plaintiff on July 7, 2015, subjective and actual notice of City of Miami's Police Department's institutionalized custom, policy, and practice of the use of unlawful, excessive force, such as was used against Plaintiff, and City of Miami's Police Department's lack of any oversight to address the use of unlawful, excessive and deadly force with appropriate accountability implemented, such as occurred with respect to LUIS ARCIA, as described

7

herein by and through the following:

    (a)    City of Miami Police Department's press releases;

    (b)    Press reports in local and national press in video, printed press and electronic press formats;

    (c)    City of Miami internal and inter-agency communications;

    (e)    City of Miami's excessive force investigations conducted by members of the same agency accused of excessive force, i.e., City of Miami Police Department investigated itself without any resulting discipline for many years, and the Mayor and City of Miami Commissioners, knew that an agency such as the City of Miami Police Department should not conduct investigations of itself because it would be "akin to the fox guarding the hen house";

    (h) Lawsuits or complaints filed in Miami-Dade County Circuit Court and the United States District Court for the Southern District of Florida alleging the use of excessive force by City of Miami Police Officers; and

    (i)    Citizens' complaints to the Civil Investigative Panel of unlawful, improper, unnecessary, and excessive use of force against persons and citizens whom City of Miami Police come in contact with and who posed no threat of serious bodily injury or death to the Miami-Dade County Police or the public.

35. At all times material hereto, City of Miami Police Department failed to adequately train, supervise, and control its officer, LUIS ARCIA in the proper use and application of appropriate force and when to make an arrest, and the CITY OF MIAMI official and final policy makers were aware of and condoned the practices described herein. The failure to properly train includes without limitation: the failure to correctly instruct on the applicable

law, rules, and procedures concerning the lawful use of force and deadly force; the failure to take corrective or disciplinary action upon notice of unlawful actions, conduct, or practices; the failure to create a bona fide and meaningful system of addressing the unlawful use of excessive force by City of Miami Police Officers; and retaining, rewarding, and promoting officers who were known to have unlawfully used excessive. This resulted in a City of Miami Police Department *de facto* policy of the unlawful and unnecessary use of excessive force against citizens, such as Plaintiff.

36. As a direct and proximate cause of the acts of LUIS ARCIA, CITY OF MIAMI, and the City of Miami Police Department, described herein, Plaintiff suffered violations of his constitutional rights protected by the United States and Florida Constitutions, severe pain and suffering, and loss of enjoyment of life.

37. The actions of LUIS ARCIA, described herein, violated the clearly established and well-settled federal constitutional rights of Plaintiff which a reasonable person would have known, including without limitation, freedom from cruel and unusual punishment, equal protection under the law, freedom from the unreasonable seizure of the person, freedom from the use of excessive force, freedom from false arrest, and freedom from the use of unjustified force against his person when Plaintiff was falsely arrested, assaulted and battered on July 7, 2015.

### COUNT I (42 U.S.C. §1983 Claim)
### CITY OF MIAMI

38. Plaintiff re-alleges paragraphs 1-37 as if fully set forth herein.

39. The false arrest, assault and battery against Plaintiff was unjustified by any actions or conduct of Plaintiff, who was unarmed, not resisting and was not committing any crime when the incident occurred. Such actions by LUIS ARCIA constituted unreasonable and excessive use of

9

force, false arrest, assault and battery.

40. The false arrest, assault and battery of Plaintiff was the result of conduct that was reckless, malicious, or deliberately indifferent to Plaintiff, and deprived him of his constitutional rights.

41. At all times material hereto, Defendant, LUIS ARCIA was acting under the color of law as an authorized officer and agent of CITY OF MIAMI, and while in purported furtherance of his official duties, caused deprivation of constitutional rights of Plaintiff under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the comparable provisions of the Florida Constitution by falsely arresting, assaulting and battering Plaintiff for no reason.

42. Prior to and including July 7, 2015, and at all times material hereto, the official and final policy makers of CITY OF MIAMI were the City of Miami Mayor and/or the City of Miami Commission ("official and final policy makers").

43. Prior to and including July 7, 2015, and at all times material hereto, CITY OF MIAMI, by and through their official and final policy makers, as described herein, developed unofficial policies, customs and practices exhibiting deliberate indifference to the constitutional rights of their citizenry, that were the moving force behind the deprivation and violation of constitutional rights as described herein of Plaintiff when he was falsely arrested, assaulted and battered on July 7, 2015.

44. Prior to and including July 7, 2015, and at all times material hereto, CITY OF MIAMI had a history of deeply rooted, longstanding, and widespread abuse in the areas of excessive force, deadly force, and overall police misconduct that put their official and final policymakers on subjective and actual notice of the need for training, improved training,

supervision, and discipline of its officers, including OFFICER LUIS ARCIA.

45. Prior to and including July 7, 2015, and at all times material hereto, CITY OF MIAMI, by and through its official and final policy makers had subjective and actual knowledge of the risk of serious harm related to repeated constitutional violations by acts of unlawful, excessive, and deadly force by its police officers, and made conscious choices to ignore these risks. The official and final policymakers tolerated, condoned, and ratified the excessive force and police misconduct by the City of Miami Police Department officers, including that of LUIS ARCIA. CITY OF MIAMI failed to impose any meaningful training or retraining programs; failed to impose any meaningful discipline upon City of Miami's Police officers; ratified the unlawful, excessive, and deadly force through toleration, bestowment of recognition on officers that encouraged repeat actions of unlawful, excessive and deadly force, and promotion of their police officers' conduct; and effectively "encouraged" and fostered the use of unlawful, excessive, deadly force and police misconduct. As a result of the repeated acts by the official and final policymakers of CITY OF MIAMI, the following unofficial policies, customs and practices were implemented that were the moving force behind the constitutional violations alleged herein and suffered by Plaintiff on July 7, 2015:

    (a) An unofficial policy, custom or practice permitting the use of unlawful, excessive, deadly force, and police misconduct within the City of Miami Police Department, and in particular in the absence of the constitutionally required existence of objective probable cause;

    (b) An unofficial policy, custom, or practice of ratifying and approving unreasonable use of force against citizens or persons by City of Miami Police

Department officers by failing to implement methods necessary to prevent such incidents, failing to conduct meaningful investigations with the intent to seek the truth that are necessary to prevent such incidents, and failing to provide the training or retraining necessary to prevent such incidents;

(c) An unofficial policy, custom or practice of failing to discipline City of Miami-Police Department officers who use unlawful or excessive improperly, who unreasonably assault, batter and unlawfully arrest persons or citizens, and at times rewarded and promoted officers who used unlawful or excessive;

(d) An unofficial policy, custom or practice of failing to properly train or retrain City of Miami Police Department police officers in the proper and legal use of force, including, excessive force;

(e) An unofficial policy, custom, and practice of inadequately investigating citizen complaints of City of Miami Police Department officers' misconduct leading to a widespread atmosphere of ratification, tolerance, and culture of accepting the use of unlawful excessive force, deadly force and police misconduct; and

(f) An unofficial policy, custom, and practice of inadequately training, supervising and disciplining City of Miami Police Department officers by not requiring appropriate in-service training and/or retraining of officers known to have engaged in excessive force, deadly force, or police misconduct.

46. The above unofficial policies, customs, and practices were implemented by the official and final policy makers of CITY OF MIAMI, by virtue of the following:

(a) Accepting without question inadequate investigations into complaints of police misconduct, excessive force and deadly force for many years, including without

limitation, 1991 through 2015, that were characterized by the following: the use of leading questions to officers in the limited sworn statements of police that were taken; the use of press releases and interviews provide with the intent to exculpate the City of Miami Police Officers; non-objective, biased self-investigations or investigations conducted by co-workers; conducting investigations with the primary goal of exculpating the City of Miami Police officer involved in the shooting and/or excessive force, rather than seeking the truth and to correct unacceptable conduct by said police officer; taking enormous time periods, such as two to five years, to complete investigations of unlawful use of excessive force or deadly force; taking sworn statements of witnesses prior to taking City of Miami Police Department officers' sworn statements; taking sworn statements of City of Miami Police Department officers only after review of available audio or film of the incident; taking City of Miami Police Department officers' statements after a significant period of time had elapsed after the incident; refusing to allow any representative from the Florida State Attorney's Office to be present for any City of Miami Police officers' sworn statements about police shootings or beating of citizens; advising citizens or complainants that their statement could be used against them for criminal sanctions; and by pre-interviewing City of Miami Police officers prior to recording their sworn statements in connection with excessive force complaints and shootings of citizens;

 (b) The failure to retrain, discipline, or terminate few, if any, City of Miami Police officers for the use of excessive force for over 20 years when such was necessary to preserve and protect the constitutional rights of the citizens of Miami-Dade County;

 (c) The failure to discipline City of Miami Police officers for not being truthful

concerning their use of excessive force for over 20 years and for filing fraudulent charges against citizens;

(d)  The failure to take appropriate action for decades after having actual or subjective knowledge of the use of excessive force or deadly force involving hundreds of citizens and complainants.

(e)  The failure to adequately enforce any written guidelines for the use of excessive force and deadly force;

(f)  The failure to take appropriate action after having subjective or actual knowledge of the number of City of Miami Police officer involved shootings, beatings, and other uses of excessive force by City of Miami Police officers prior to July 7, 2015, including without limitation, the many prior incidents and complaints of excessive force by LUIS ARCIA, such that CITY OF MIAMI police officer involved shootings, beatings and other uses of excessive force became a widespread epidemic;

47. CITY OF MIAMI's official and final policy makers have repeatedly ratified and endorsed the continued violations of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution by its police officers, have repeatedly tolerated the continued use of unlawful, excessive and deadly force by members of the Miami-Dade Police Department, have repeatedly ignored the hundreds of complaints of excessive and deadly force, and failed to impose any meaningful reform on the use of excessive force by its police officers. The use of unlawful, excessive force, described above, has deprived citizens of their constitutional rights and privileges, including without limitation, the right and privilege not to be deprived of their life and liberty without due process of and equal protection of the law; the right and privilege to be free from an unlawful attack upon the physical

integrity of his person; the right and privilege to be secure in his person while in the custody of police officers; the right and privilege not to be subjected to punishment without due process of the law; the right and privilege to be free from cruel and unusual punishment; and the right to be free from unreasonable search and seizure, illegal assault and illegal battery.

48. From the 1990's through 2015, CITY OF MIAMI's official and final policymakers had subjective and actual notice of the need for appropriate training and re-training in the use of excessive force, the unlawful use of conducted electrical weapons or Taser-related deaths, civilian complaints, state attorney inquiries, wrongful death claims, other civil lawsuits, as well through information, communications, documentation, and proceedings as set forth herein and yet CITY OF MIAMI made deliberate choices not to provide any meaningful reform.

49. Said unofficial policies, customs and practices described herein were so widespread and well settled within CITY OF MIAMI that they constituted custom and usage with the force of law.

50. The above described unofficial policies, practices and customs permitting and tolerating the use of unlawful, excessive force, inadequately investigating citizen complaints, and failing to properly train, retrain and supervise City of Miami Department officers were instituted with deliberate indifference by the official and final policymakers of CITY OF MIAMI to their known or obvious consequences, including without limitation, the continued use of unlawful, excessive force by City of Miami Police Department officers such as occurred when Plaintiff was falsely arrested, assaulted and beaten on July 7, 2015 and thus, were the moving force of the depravation of the constitutional rights of Plaintiff and thereby led to or were the cause of the injuries suffered

by Plaintiff.

51. As a direct and proximate result of the unofficial customs, practices and/or unofficial de facto policies of CITY OF MIAMI their official and final policymakers as set forth herein, Plaintiff suffered violation of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments, (i) to be free from an unreasonable seizure of his person; (ii) loss of physical liberty; (iii) to be free from cruel and unusual punishment; (iv) equal protection under the law or due process; and (v) assault and battery or severe bodily injury resulting in his injuries on July 7, 2015.

52. The actions alleged herein directly and proximately resulted in bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and lost earnings. These losses are permanent in nature.

WHEREFORE, Plaintiff demands judgment against the Defendant CITY OF MIAMI for:

A. A judgment for compensatory damages;

B. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil action;

C. A trial by jury on all issues so triable; and

D. Such other and further relief that this Court may deem just, proper and appropriate.

### COUNT II (42 U.S.C. §1983 Claim)
### OFFICER LUIS ARCIA

53. Plaintiff re-alleges paragraphs 1 through 37 as if set forth herein.

54. This action is brought against City of Miami Police officer LUIS ARCIA for the excessive use of force under color of the law that deprived Plaintiff of his constitutionally protected rights under the Fourth, Eighth, and Fourteenth Amendments to the United States

16

Constitution, and the comparable provisions of the Florida Constitution.

55. At all relevant times, Defendant, LUIS ARCIA, was acting within the course and scope of his employment as a police officer of the City of Miami Police Department and acting under color of law.

56. The false arrest, assault and battery of Plaintiff was the result of conduct that was recklessly, maliciously, or deliberately indifferent to Plaintiff in depriving him of his constitutional rights.

57. Defendant, LUIS ARCIA, while acting under color of the law, deprived Plaintiff of the rights and privileges secured to him by the United States Constitution, including the right not to be deprived of his liberty without due process of law and his right to be free from unreasonable seizure of his person, under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

58. Defendant, LUIS ARCIA's conduct failed to adhere to constitutional standards on the use of force by a law enforcement officer under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

59. Defendant, LUIS ARCIA's conduct violated clearly established and well-settled Federal and Florida constitutional rights belonging to Plaintiff.

60. Plaintiff was arrested, assaulted and battered by LUIS ARCIA while unarmed and not posing any danger to LUIS ARCIA or any other officer or person. In arresting, assaulting and battering Plaintiff, LUIS ARCIA used force that was excessive, unnecessary and unjustifiable.

61. The actions of LUIS ARCIA were not objectively reasonable under the circumstances, and thus, they were not protected by the doctrine of qualified immunity, or any other immunity.

62. As a direct and proximate result of the actions of LUIS ARCIA, Plaintiff was falsely arrested, assaulted and battered on July 7, 2015.

63. As a direct and proximate result of LUIS ARCIA's acts and omissions as described herein, Plaintiff, sustained damages, including without limitation, the past and future mental pain and suffering, loss of enjoyment of life and other expenses of medical care arising from his injuries.

WHEREFORE, Plaintiff demands judgment against the Defendant LUIS ARCIA for:

A. A judgment for compensatory damages;

B. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil action;

C. A trial by jury on all issues so triable; and

D. Such other and further relief that this Court may deem just, proper and appropriate.

## DEMAND FOR JURY TRIAL

64. Plaintiff hereby demands a trial by jury on all issues so triable.

## DEMAND FOR ATTORNEY'S FEES

65. Plaintiff hereby demands payment of attorney's fees pursuant to Title 42 U.S.C. § 1983 and Title 42 U.S.C. § 1988.

Dated this July 17, 2018.

       Law Office of Roderick D. Vereen, Esq., P.A.
       P.O. Box 68-0697
       Miami, Florida 33168
       Tel: (786) 391-1751
       Fax: (786) 409-3113
       Email: Vereen2469@aol.com

By: */s/Roderick D. Vereen, Esq.*
   Florida Bar No: 869589
   Primary email: Vereen2469@aol.com